USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/24/18

RECEIVED
SDNY PRO SE OFFICE
2018 MAY 24  AM 11: 48
S.D. OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MATTHEW STEPHEN SHEPLER,
          Plaintiff,

-against-

MICHAEL COLLURA,
          Defendant.

Second Amended Complaint
Case No. 1:17-cv-10254
Complaint Filed: December 28, 2017
**VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**JURY TRIAL: YES**

---

Plaintiff, MATTHEW STEPHEN SHPELER, a self-represented litigant in civil actions for an "indigent civil litigant" respectfully alleges, upon information and belief:

## AS AND FOR A FIRST CAUSE OF ACTION

1. This action is being commenced within one year and ninety days after accrual of this cause of action or within the time allowed by law.

2. Plaintiff, MATTHEW STEPHEN SHEPLER is a prudent person residing within the city of New York.

3. A GS-3/4 (general schedule) qualifies Plaintiff, MATTHEW STEPHEN SHEPLER for a classification of CIVILIAN GOVERNMENT EMPLOYEE status—generally speaking, three-to-six months of nonpaid volunteer experience within the white-collar sector with one-to-two years of undergraduate education from accredited learning institutions provides a qualification of GS-3 classification. Plaintiff has attained three-to-four years of clerk-typist experience within the field of general administration, clerical, and office service.

4. On an unknown date, Plaintiff submitted a curriculum vitae (CV) to Minna Elias who is an office aide of Congresswoman Carolyn B. Maloney (NY-12).

5. On the date of February 27, 2017 Plaintiff, Matthew Stephen Shepler was interviewed by the District Office of Congresswoman Carolyn B. Maloney by Deputy Press Secretary Larson E. Binzer.

6. Thereafter, on or about the date of June 23, 2017 Plaintiff, MATTHEW STEPHEN SHEPLER provided defendant with a copy of an individual proposal request that included information relating to the direction of being interviewed by the District Office of Congresswoman Carolyn B. Maloney. The individual proposal request was submitted to Chief Judge Colleen McMahon for the United States District Court for the Southern District of New York—since, Plaintiff was authorized by Jordan Prince, Special Assistant to the District Executive on the date of February 27, 2018 to proceed with social activities relating toward the direction of courtroom sketching within the United States District Court for the Southern District of New York.

7. On the date of July 10, 2017 at the location of 1157 Lexington Avenue, New York, NY 10075, U.S. during a democratic club event Plaintiff, Matthew Stephen Shepler met with Congresswoman Carolyn B. Maloney and was invited to a "9AM Saturday Breakfast" that was being hosted at her Manhattan townhouse. This event was witnessed by Susan Moss, J.D., and Ben Kallos.

8. In order to provide additional support, on an unknown date, Plaintiff was originally invited to a democratic club event at the same location (1157 Lexington Avenue, New York, NY 10075, U.S.) during a democratic primary campaign by Democratic Councilman Keith Powers.

9. On the date of July 15, 2017 Plaintiff, Matthew Stephen Shepler attended the "9AM Saturday breakfast" event held before a "GOP Bill protest" later in the day at Bellevue Hospital. This social activity was photographed and included Miranda X. Mo, Treasurer for AmericaChina Public Relations annexed here as Exhibit A.

10. On the date of July 15, 2017 Plaintiff, Matthew Stephen Shepler briefed with Congresswoman Carolyn B. Maloney at her Manhattan townhouse located at 49 East 92nd Street # FL1, New York, NY 10028, U.S. during a "9AM Saturday breakfast" event—before Plaintiff departed from Congresswoman Carolyn B. Maloney, the Congresswoman stated, "wait, … there is something that I want to give you." In order to provide the Court with additional information

that relates toward this matter, Congresswoman Carolyn B. Maloney provided Plaintiff, Matthew Stephen Shepler with novelty medallions that related to her political campaign annexed here as Exhibit B.

11. On date of September 20, 2017 Plaintiff produced written work in the form of a report during a public hearing that was hosted by Congressman Jerrold Nadler (NY-10), and Congresswoman Grace Meng (NY-6) within the Upper West Side area of New York, NY.

12. In other words, "as a prudent person," PLAINTIFF WAS EXERCIZING HIS AMENDMENT 1 RIGHTS OF RELIGIOUS AND POLITICAL FREEDOM.

13. PLAINTIFF DID NOT ATTEND THE GOP BILL PROTEST HOSTED AT BELLEVUE HOSPITAL ON THE DATE OF JULY 15, 2017.

## AS FOR A SECOND CAUSE OF ACTION

14. Plaintiff asks and petitions the Court to repeat and allege each and every allegation heretofore set forth in the first cause of action with the same force and effect as if set forth herein at length.

15. A reasonably prudent person in the Plaintiff's position would not have undergone humiliation for "freely practicing [his or her] Amendment 1 Rights of Religious and Political Freedom"—especially, in the assumption that the prudent person (i) has a major concentration in political science, (ii) was involved in politics, and (iii) made a complaint relating to a "redress of grievances" involving two "reported" incidents that occurred within the 12th Congressional District of New York.

16. Plaintiff has attained a transcript of the accusatory instrument deriving from the September 27, 2017 incident from ATTORNEY, KATHERYNE M. MARTONE, 199 Water Street # FL 5, New York, NY 10038, U.S. on date of March 14, 2018 at 03.28 p.m.

17. Therefore, Plaintiff believes there is good faith that defendant should be identified as Michael Collura annexed here as Exhibit C.

18. Michael Collura was a detective within the Intelligence Division and Public Security Section of the New York City Police Department (NYPD) which is an agency of the City of New York.

19. Michael Collura has/had a telephone number of (917) 662-9467.

20. From the dates of June 22, 2017 to September 27, 2017 Plaintiff received several telephone calls and text messages from said defendant Michael Collura from telephone number (917) 662-9467.

21. In regards to the telephone calls made to Plaintiff, a telephone conversation with Michael Collura required Plaintiff, Matthew Stephen Shepler to meet with the defendant despite the fact that the Plaintiff did not have enough time given such a short notice. Second, defendant Michael Collura requested that he was going to Queens that he could meet up with him—defendant requested more that Plaintiff, Matthew Stephen Shepler could not take the time to eat lunch as he planned because it was required to meet within a specified time during that day. This began to cause distress in Plaintiff's life because of the fact that the Plaintiff was finishing a draft of an individual proposal request that he intended to use to expand a drawing from life project that included courtroom sketches and reports from public hearings.

22. On an unknown date, Plaintiff, Matthew Stephen Shepler received a text message stating, "Are you o.k. Matt?" Defendant, Michael Collura would not quit sending text messages to Plaintiff.

23. On the date of September 25, 2017 Plaintiff, Matthew Stephen Shepler made a complaint with the 19th Precinct that related toward the direction of a Petite Larceny annexed here as Exhibit D.

24. On the date of September 27, 2017 Plaintiff, Matthew Stephen Shepler went to the District Office of Congresswoman Carolyn B. Maloney in order to make a complaint relating to "two reported incidents" that occurred within the 12th Congressional District of New York—a petite larceny that occurred on the date of September 25, 2017 and a violent robbery that occurred on the date of August 09, 2016 annexed here as Exhibit D—both including the theft of innovative technology used to (i) increase the quality of life of the Plaintiff, Matthew Stephen Shepler, and

(ii) complete research projects such as a drawing from life project that was proposed to Chief Judge Colleen McMahon of the United States District Court for the Southern District of New York.

25. On the date of September 27, 2017 defendant, Michael Collura placed a photograph onto a desk within the 19th Precinct that derived from the July 15, 2017 9AM Saturday Breakfast event that included (i) Plaintiff, Matthew Stephen Shepler, and (ii) Congresswoman Carolyn B. Maloney. As mentioned, other people in the photograph included Miranda X. Mo, Treasurer for AmericaChina Public Relations annexed here as Exhibit A.

26. On the date of September 27, 2017 Plaintiff, Matthew Stephen Shepler was asked several times, within the 19th Precinct by defendant, Michael Collura about drugs and/or narcotics. In fact, Michael Collura asked several times, "Do you have anything else?" … "Mr. Shepler, do you have anything else?" Plaintiff answered "no" several times. Defendant, Michael Collura made a statement, "you know what I'm talking about, right?" As Plaintiff, Matthew Stephen Shepler answered "yes, … drugs, narcotics, … correct?"

27. Again, on the date of September 27, 2017 defendant, Michael Collura made several statements to Plaintiff, Matthew Stephen Shepler stating, "Really?" … "It gets way worse than this … way worse!"

28. Defendant asked Plaintiff where he went to school, as Plaintiff, Matthew Stephen Shepler replied, and stated, "Southern New Hampshire University." Defendant asked more what he studied, as Plaintiff, Matthew Stephen Shepler replied, and stated, that he "… studied 'within the major concentration' of political science."

29. Plaintiff, Matthew Stephen Shepler was freely practicing his Amendment 1 Rights of Religious and Political Freedom when he petitioned the government to take action against two reported incidents that occurred within the 12th Congressional District of New York on the date of September 27, 2017 involving the theft of his innovative technology—"Congress shall make no

law respecting ... or prohibiting the free exercise thereof ... the right of the people peaceably to assemble, and to petition the government for a redress of grievances." (U.S. Const. amend I).

30. On said date of July 10, 2017 Congresswoman Carolyn B. Maloney made a statement during a democratic club meeting held at the location of 1157 Lexington Avenue, New York, NY 10075, U.S. that "she would be busy in Washington throughout the week, as she would most likely be in town on the weekends." Plaintiff, Matthew Stephen Shepler was arrested on the date of September 27, 2017 at location of 1651 3rd Avenue, New York, NY 10075, U.S. which fell on a Wednesday; NOT A WEEKEND!

31. Plaintiff's surname was misspelled as the defendant keyed information into a computer system.

32. Defendant, MICHAEL COLLURA is vicariously liable for Plaintiff's suffering conditions.

33. Pursuant to Civil Practice Law and Rules Article § 3013, "... [s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." (CPLR 3013).

## AS FOR A THIRD CAUSE OF ACTION

34. Plaintiff asks and petitions the Court to repeat and reallege each and every allegation heretofore set forth in the first cause of action and the second cause of action with the same force and effect as if set forth herein at length.

35. On the date of September 27, 2017 Michael Collura, an agent, servant and/or employee of the New York City Police Department—an agency of the City of New York—rendered services to the Plaintiff that violated Amendment IV & VIII rights and resulted with a common-law tort classified in "Understanding Torts, Fifth Edition" as § 1.04 False Imprisonment—people of the United States have a "right ... to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and against "[e]xcessive bail ... cruel and unusual

punishments" (U.S. Const. amend. IV & VIII).

36. Defendant, Michael Collura knew there was no legitimate cause for the arrest and transport of Plaintiff to MDC:

    (i) NO WARRANT
    (ii) NO VERBAL THREATS
    (iii) NO WEAPON(S)
    (iv) NO PRIOR HISTORY WITH DRUGS AND/OR NARCOTICS
    (v) NO PRIOR HISTORY WITH MENTAL ILLNESS
    (vi) NO VIOLENT HISTORY

37. On the date of September 27, 2017 defendant, Michael Collura, an agent, servant and/or employee of the New York City Police Department—an agency of the City of New York—with granted authority from the state, showed [his] authority when arresting and escorting Plaintiff, Matthew Stephen Shepler to Manhattan Detention Center (MDC). There, the Plaintiff believed that he was not free to leave because of the fact that he was secured, confined, and restricted from civil[ian] society. In fact, when Plaintiff asked, "what am I being charged with?" Defendant, Michael Collura stated, "Stalking." Plaintiff asked more, "what is that?" as Michael Collura stated … "a felony!"

38. On said date of September 27, 2017 Plaintiff, Matthew Stephen Shepler became a victim of a false arrest when defendant, Michael Collura acted under color—as a result, Plaintiff served roughly 50days confined and restricted from civil[ian] society for allegations that did not lead to the conviction of a crime.

39. On or about the date of October 03, 2017 arraignment for the alleged charges began.

40. On or about the date of October 03, 2017 Plaintiff was transported from MDC to the institution of GRVC.

41. No plea of guilt was entered for the alleged charges brought forth in front of Hon. Judge Joshua B. Hanshaft.

42. The police conduct of Michael Collura was unlawful and caused the Plaintiff to be transported


for the arraignment and malicious prosecution of alleged charges that hold no absolute truth, as this was a penalty that included more than 15days as allocated in Section 15 of New York Penal Law—NY Penal Law § 70.15(4) (2015) reads that "... [a] sentence of imprisonment for a violation shall be a definite sentence. When such a sentence is imposed the term shall be fixed by the court, and shall not exceed fifteen [15] days." (NY Penal Law § 70.15(4) (2015)).

43. It is clear that (i) a crime was not being committed, (ii) facts that Michael Collura attained before the false arrest from Plaintiff, MATTHEW STEPHEN SHEPLER did not support facts that the defendant used in the accusatory instrument, and (iii) this information being provided to an educated professional would not convince him or her that a crime was committed.

## AS FOR A FOURTH CAUSE OF ACTION

44. Plaintiff asks and petitions the Court to repeat and reallege each and every allegation heretofore set forth in the first cause of action, the second cause of action and the third cause of action with the same force and effect as if set forth herein at length.

45. Plaintiff was rendered psychiatric services, medication, and recovery from Dr. Leonardo Vando.

46. Plaintiff, MATTHEW STEPHEN SHEPLER suffers from depression, humiliation, stress, and emotional and mental distress due to violations of Amendment XIV Section I Rights—"[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." (U.S. Const. amend. XIV, § 1).

47. Extreme and outrageous conduct by the defendant, Michael Collura is proved with forced subjection of plaintiff and the malicious prosecution therein.

48. Upon threatening the Plaintiff, defendant intentionally made plaintiff fear for his physical well-being and safety, and placed him into apprehension of immediate harm.
49. Plaintiff scheduled nine visits with Psychiatrist Dr. Leonardo Vando over the course of a five-month period annexed here as Exhibit E.
50. Since February 06, 2018 Plaintiff, Matthew Stephen Shepler has been treated for psychological injuries that were inflicted upon him.
51. Plaintiff has been diagnosed with depression with psychosis by Dr. Leonard Vando.
52. According to a log of events, Plaintiff experiences pain and suffering in regards to periods of (severe) depression—Plaintiff awakes with (severe) depression, and returns home to a life of hopelessness in the evening.
53. Plaintiff was provided with a nine-week supply of Brexiprazole (Rexulti) from Dr. Leonardo Vando and Ms. Parnaz. Thereafter, several prescriptions of medication were provided for Hydroxyzine and Escitalopram (Cipralex).
54. Due to the foregoing, Plaintiff, MATTHEW STEPHEN SHEPLER's injuries resulted with the common-law torts classified in "Understanding Torts, Fifth Edition" as § 1.05 Intentional Infliction of Mental Distress, and § 10.01 Negligent Infliction of Emotional Distress.

### AS FOR A FIFTH CAUSE OF ACTION

55. Plaintiff asks and petitions the Court to repeat and reallege each and every allegation heretofore set forth in the first cause of action, the second cause of action, the third cause of action and the fourth cause of action with the same force and effect as if set forth herein at length.
56. That at all times herein mentioned, Plaintiff, MATTHEW STEPHEN SHEPLER was a clerk-typist within the field of general administration, clerical, and office service.
57. Michael Collura, as well as the lack of qualitative policing within the City of New York is a proximate cause of the injuries or conditions for which recovery is sought herein.
58. Additional damages include injury to the reputation management of Plaintiff, as an article was

published by the New York Post on the date of December 19, 2017 titled, "Carolyn Maloney's Alleged Stalker Dodges Jail."

WHEREFORE, Plaintiff demands judgment on the first cause of action, on the second and third cause of action, and on the fourth cause of action each on the amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over the subject matter herein, together with the costs and disbursements of this action.

Dated: May 23, 2018.
New York, New York

**State of New York**
**County of New York**

Sworn before me this

23 rd day of MAY, 20 18.

_Benjamin Steinberg_
Notary Public

Benjamin Steinberg
Notary Public, State of New York
No. 02ST6042665
Qualified in Bronx County
Commission Expires May 30, 20 18

_Matthew Stephen Shepler_
MATTHEW STEPHEN SHEPLER
90 Church Street (Church Street Station)
P.O. Box # 1188
New York, NY 10008-1188, U.S.
(857) 600-2448
mshepler@gmx.us

DEFENDANT'S ADDRESS:

Michael Collura, Shield # 7632
NYPD Intelligence Division, Public Security Section
New York City Police Department (NYPD)
One Police Plaza
New York, NY 10038, U.S.
(646) 610-5000/(917) 662-9467

## EXHIBIT A



(Business card provided to Plaintiff from Miranda X. Mo on the date of July 15, 2017)